The next case this morning is 523-0146, People v. Luth. Arguing for the appellant is Veronica Shaheen. Arguing for the appellee is Sharon Shanahan. Each side will have 10 minutes for their argument. The appellant will also have five minutes for rebuttal. Please note only the clerk of the court is permitted to record these proceedings today. Morning, counselors. Appreciate your patience. We have a very heavy actual Zoom dock. They usually have some Zoom and some non-oral. Today we have a lot of Zoom, so let's take a little time. We have had some questions this morning, so we appreciate your patience. Ms. Shaheen, are you ready to proceed? I am. Ms. Shanahan, are you ready to proceed? Yes, your honor. Right. Ms. Shaheen, you represent the appellant. You'll be allowed to go first. We have read the briefs already, so we look forward to your arguments. Thank you. Thank you, your honor. Good morning. May it please the court. My name is Veronica Shaheen. I'm with the Office of the State Appellate Defender, and I represent Appellant Christopher Luth. A jury found Mr. Luth guilty of violation of a stalking no contact order after it was improperly instructed as to the elements of the charge. Since its inception, the violation of a stalking no contact order statute has included an express element, the element mental state, mental state knowingly, but the jury in this case was not instructed to consider that element. Removing the essential element of mental state from the jury's consideration denied Mr. Luth a fair trial and his reversible plain error. And this error was especially problematic because mental state was the disputed issue in this case at trial. The jury was instructed that to sustain a conviction for violation of a stalking no contact order, the state must prove first that Mr. Luth made contact with Mr. Misner, the protected party, on June 11, 2022. Second, that the order directed Mr. Luth not to have contact with Mr. Misner. Third, that the order was in effect on the date of this incident. And fourth, that Mr. Luth had actual knowledge of the order. The parties agreed that Mr. Luth had actual knowledge of the order, that he made contact with Mr. Misner, and that the order was in effect on the date of this incident. And it's important to note that the stalking no contact order in this case was unique and needed to make special considerations for the fact that Mr. Luth and Mr. Misner were neighbors who could see each other's property from their respective homes. For example, Mr. Luth was prohibited to be within 50 feet of Mr. Misner instead of the typical and much farther 500 feet. Because of this unique situation, there were more opportunities for lawful contact between Mr. Luth and Mr. Misner. And Mr. Luth testified at trial that he did not know if he was violating the order, because he believed that his conduct was lawful. Therefore, mental state was the most disputed issue in this case. And the fact that it was the most disputed issue was not lost on the jury, who during deliberations asked a question pertaining to mental state. And it was also not lost on the state's attorney who prosecuted this trial, who at a pretrial hearing stated that this case came down to knowingly. And even the state on appeal agrees that the violation of a stalking no contact order includes as an express element the mental state knowingly, but the jury was never instructed as to this element. Despite all this, the state makes several arguments to the contrary that are based on misapplications of the law and mischaracterizations of the evidence. First, the state argues that the court cannot reach plain error because Mr. Luth invited the error. But the state characterizes defense counsel's actions at a pretrial hearing and at the jury instruction conference as affirmative acquiescence. But this is a mischaracterization and it is unsupported by the record. Instead, the state tendered the instructions and defense counsel did not object. Defense counsel's indication... I don't mean to stop the counsel, but if I remember correctly, there were several conversations prior to trial, I say several, a handful of conversations between defense counsel, state's attorney, and the court involving this issue and the jury instructions and I think everybody was well aware that this was an issue and everybody took part in having this conversation to make sure that a proper instruction was provided, correct? Your honor, there were pretrial discussions about the jury instructions, definitely, but the instructions never, the conversations never were specifically about mental state and defense counsel never affirmatively agreed to having an instruction without mental state. Instead, what defense counsel was doing at these conferences was indicating that he agreed that the violation of an order of protection instruction was a logical starting point to develop the appropriate instruction for the violation of a stocking no contact order instruction, but not affirmative acquiescence. Even assuming, though, there was no invited error and I intend to agree with you that standing mute is not invited error, you'd have, if he had offered a competing instruction, that may be invited error, but just sitting quietly while the state presents instruction may not be invited error, but the statutes track very similarly. The language appears to be the same in the violation of order of protection and stocking no contact orders, so wouldn't it be appropriate then to follow the the IPIs, the 11.77, just change the wording from order of protection to the stocking no contact and that's apparently what they did. They used, they tracked the same language. And the Hoffman court seemed to say that instruction was okay. So I'm not sure where the problem is then. Your honor, the Hoffman, so that instruction is not acceptable for the violation of a stocking no contact order charge because it doesn't have the mental state knowingly and the Hoffman court was addressing this issue before the violation of the order of protection statute was amended to also include knowingly. So it's not clear how that court would rule today on the updated amended violation of the order of protection statute. What is clear is that these instructions are now outdated and do not, are not accurate as to either of these statutes, but today we're just talking about the violation of stocking no contact order statute and without the mental state knowingly the instruction failed to properly tell the jury what the law was and they weren't able to accurately apply it in that case. You don't think we would be in conflict with Hoffman if we agree with the defendant in this case? Well, I think because the statute that Hoffman was looking at did track the language of the instruction precisely that I'm not sure it would necessarily be a conflict, but to the extent that it is that it would be an appropriate conflict because here the mental state, the instruction and the statute do not track each other in terms of elements. Which conduct are we addressing here? The conduct of throwing the water bottle or the conduct of walking into the street within 40 feet and yelling at the victim? Your honor, I believe the the count was for verbal contact so it would be for both incidents and our argument doesn't change for either incident. Mr. Luth stated that he did not throw the water bottle at Mr. Misner but that he was actually throwing it at his trash can. He also stated that he believes he had the ability to use 13th street because again this was a unique stalking no contact order that had to take the fact they were neighbors into consideration. The police officer saw him walk into the street yelling at Mr. Misner. So I mean how does the defendant argue I wasn't knowingly violating the order when he's walking into the street yelling at the the other the protected person? Mr. Luth testified that he didn't believe that he was able to use that street so I believe that he's yelling at the victim as he's using the street. He's yelling insults or threats to the victim as he walks into the street is he not? Your honor, I don't believe that that was what was going on in that instance. The video doesn't have volume but I think the allegation that Mr. Misner made was that Mr. Luth made comments to him that he that were inaudible but he believed that they were at him. I thought the police officer also testified that he heard heard the threats as well. Is that not correct? Your honor, even if even if they he did make threats in the street which I'm not I'm not 100% if he did when he was walking towards the officer but even if he did do that he would still need to know that he was his conduct was in violation of the order and in this case he did believe that he had use of the 13th street road because that was one of the roads they had to share and so I believe that you know the issue here is that that was what this case came down to and that jury was not instructed to consider the mental state knowingly. So in both those instances then the I his mental state is critically important. So this court is not barred by invited error and the state also argues that the standard of review for this issue is abuse of discretion but that's also incorrect. The issue before this court is not whether it is within the trial court's discretion to misadvise the jury instead it's whether the jury instructions accurately convey the law to the jurors which here they did not and this type of issue is reviewed de novo and simply because there's not a pattern instruction does not transform this into a matter of discretion that eliminates the need for the jury to consider each element of the offense which is critically important. And turning to plain error the state argues that Mr. Luke cannot establish plain error under either prong either structural or closely balanced but in their analysis of the closely balanced prong the state fails to consider mental state once again. They argue that the testimony and the video evidence established the only issue in dispute which was who initiated contact but that was not the only issue in dispute and the question of who initiated contact is not dispositive of Mr. Luth's mental state nor does the video evidence establish mental state. In fact none of the state's evidence was able to rebut Mr. Luth's testimony that he didn't know he didn't throw the water bottle at Mr. Misner he threw it at the trash can and then he believed he had the fair use of 13th street and both Mr. Luth and Mr. Misner testified at trial making this and their testimony was in opposition to each other making this a claim. And that was the only issue in this close case so Mr. Luth can establish plain error under the structural prong. May I just conclude briefly? The objection just spooly or just barbaric? Nope. All right can I conclude? And I would just say that Mr. Luth was also able to establish plain error under the under the structural prong and because the jury was not did not find him guilty beyond a case which really calls into question judicial integrity and instills a lack of confidence in Mr. Luth's conviction. We also argue that Mr. Luth was denied effective assistance of counsel and to the extent that this court agrees with the state and also our side that the this case should be remanded for a Krangel inquiry we would ask this court to reach the merits of the jury instruction issue as well for judicial economy. We respectfully request this court reverse Mr. Luth's conviction and remand for a new trial. Thank you. Thank you Ms. Shaheen. Give me provide our opportunity for rebuttal momentarily. Ms. Shanahan are you ready to proceed? Yes your honor. I may do so. Thank you. May it please the court counsel my name is Sharon Shanahan and I represent the people of the state of Illinois. Before you get into that that part of the argument that it's accurate as Ms. Shaheen said the state does concede there should be a Krankel hearing is that correct? Yes. All right thank you. I'd like to focus my argument on three points that have arisen in this brief. One is estoppel, one is the application of Hoffman and one is the whether the order of protection jury instruction is an accurate statement of law. Regarding estoppel as a I would agree that if a defense counsel stands mute excuse me and during jury instructions that it's not estoppel but that is not what happened as justice noted. There were many meetings in this case on the first time it came up October 31st the trial court asked the state's attorney to read in the issues in this instruction and that's when the state says there's not a jury instruction and he says not that Mr. McGrath and I have found and then the trial court says is there anything you to the defense counsel he says is there anything you want to add to the issues and defense counsel responds I think my plan was to have modified versions of the order of protection instruction. Then the trial court says is a jury instruction conference in advance beneficial Mr. McGrath. Mr. McGrath is defense counsel and defense counsel says it could be there was a instruction on c5 the docket sheets there is an entry that says that the there was a jury what it says is jury instructions presented and discussed so this is was on November 7th so about a week after this first came up there was there's no transcript but there is a docket sheet entry that says that a week later they had a hearing in which the jury instructions were presented and discussed. Then we move on to the the day the trials started and it's on the record that the parties had agreed to the jury instructions uh state's attorney says the last time we were in court we had exchanged jury instructions Mr. McGrath and I have spoken since then I think we've got an agreement in regards to the jury instructions and um and that uh the modifications they made in the charge itself and here I am quoting clarifies what defense counsel was trying to say regards to knowingly having contact so I don't know how you can discuss this more in it the jury instruction conference is not limited to the one that we're all used to seeing uh of um at the end of uh the admission of testimony they talked they saw this as an issue from the beginning and to assume that when at the end when they had what we would consider the more traditional jury instruction conference uh and the defense counsel agreed that he was just standing mute and that he was not inviting these errors is is um illogical in my opinion and so it is it is my opinion that the defense counsel worked hard to get exactly the instruction given that was given and did that allow him to argue that at this point in time um would it's it's the very definition of estoppel I would like to move on to um a discussion of Hoffman uh Justice Long I know you had some some questions about that um I think defense says that Hoffman is inapplicable because at the time Hoffman was decided the word uh knowingly wasn't in the um order of protection statute but Hoffman wasn't dealing with the order of protection statute it was dealing with the order of protection jury instruction and it's looking I mean no one as as defense counsel said in her uh discussion with this court we're not denying that the state had to prove that he knowingly violated it um and Hoffman says exactly that Hoffman agreed that the state has got to prove both a voluntary act and the appropriate mental state but what Hoffman said is that the jury instruction uh had did require the jury to establish knowledge um it is it said the knowledge of the contents of an order of protection and the knowledge that a person is violating that order are two or excuse me are not two separate and distinct concepts um it's a distinction without difference is what Hoffman said maybe I'm oversimplifying but it seems to me like knowledge would only be an issue if if I go to a red lobster and a protective person is in there I didn't know I come walking in the restaurant all of a sudden I see him that may not be a violation but here where you arguably throw a water bottle at the victim and you walk up to him while he's talking to the cops and you yell stuff at him that to me knowledge doesn't seem to be an issue in that I would agree I would agree and I think the jury instruction for an order of protection which is exactly the same when Hoffman was decided and as it is right now the committee that decides jury instructions has chosen not to amend the statute in that time it has chosen not to amend the instruction since the statute was changed at the word knowingly so if it was um if the jury instruction was correct then and it's correct now then the itch it was applicable for the no stalking and but I would agree with you your honor that if you throw a water bottle at someone that there's it's real easy to decide knowingly I would also note that there were um as Justice Vaughn you you noticed noted there were there was a second incident uh perhaps three depending on you look at it after the police officer arrived um and uh so again those are those are the facts that established knowingly and as Hoffman stated the jury instruction was correct then it is correct now and my answer to a question you ask would you have to uh would you be conflicting with Hoffman if you decided differently absolutely um and then the only other thing I would like to to point out is that in the ineffective assistance of counsel argument of the reply brief um defendant says that defense counsel would have been ineffective because he didn't add an instruction with the word knowingly and he says this is because the order of protection statute is wrong and he should have known that I mean he's dealing with a stalking thing but he should have somehow known that this order of protection one they're both wrong is what he's saying they're both wrong and I don't think that you can say that it is if any reasonable attorney would have have thought that a jury instruction that has been on the books for over a decade that has been found in case law to be valid that he's unreasonable to say oh I think my case is different even from that are there any other questions just barbarous no justice buoy no thank you right thank you shanahan shaheen rebuttal thank you your honor um addressing the estoppel argument um I don't dispute that there were several meetings where jury instructions may have been discussed but the record is completely silent as to counsel's acquiescence to the knowingly issue there's no there's nothing in the record where he's affirmatively stating yes let's do the instruction without the um knowingly and there's nothing in the and there's nothing really even approaching an agreement on that issue there's just a lack of objection um as to hoffman uh the so hoffman is unapplicable here because it is critically important that that case was decided before the violation of the order of protection statute was amended to include knowingly because that changes how it can apply to this case precisely um but again to stop you there and I think I think this was a question this was a question and answer but since that was amended the jury instruction has not been amended to add that language correct that's right your honor okay I just want to be clear on that absolutely um the jury instruction has not been amended but that does not mean the jury instruction is correct just because it hasn't been challenged doesn't mean it accurately states the law and there's no case law that would support that statement um and one of the reasons why there may not have been a challenge yet is that these types of cases don't typically a go to jury trial or b then get appealed so I think it may just be a rare type of case that hasn't come in to review as much um and as we know from uh people versus Ogunsola the the jury must be instructed to each element of the statute um otherwise the trial has not is unfair um and also uh the idea that the idea that Mr. Luth's mental state was established by the facts that um the states the state has presented uh is also doesn't really match the record because um knowingly was not established Mr. Luth testified that he did not know that he was violating the order he believed that he was able to use 13th street he didn't throw the water bottle at Mr. Misner it was at his trash can there this was exactly what I'm talking about with this being a close case on the issue of mental state um officer McKellips testified he only arrested the defendant after the defendant directed comments to Mr. Misner and on the way to the squad car the defendant directed even more comments to Mr. Misner so given that testimony from the officer doesn't that indicate knowingly I don't think so as opposed to throwing the water bottle I mean I can see if you throw a water bottle then arguably whether you were knowingly throwing it at Misner or throwing it toward a trash can but when you're yelling at Mr. Misner that seems to negate the argument that I didn't knowingly violate the order well your honor I wouldn't concede either that the record indicates that he was yelling at Mr. Misner because I believe that Mr. Luth also testified that he he wasn't talking to him or he wasn't yelling at him um and that Mr. Misner testified it was inaudible he couldn't understand what he was saying so I don't concede that he was actually yelling at him but he still would need to be knowing that his conduct was in violation of the order and the issue here is that the jury was never instructed to even consider that so they never even got a chance to consider what we're debating now these facts um these facts that the state brings up in the in the testimony that I'm bringing up the the jury never you know deliberated on that so that's the that's the error here that's the main issue um and then turning finally to ineffective assistance the it's not that the attorney should have known from the violation of the order of protection statute that that said that the instruction was wrong he should have been well acquainted with the violation of a stalking no contact order statute which clearly lists as an element knowingly so that's where he would have gotten that from and his his lack of objection and failure to insist on the mental state is a um it falls below professional standards and it prejudiced Mr. Lou doesn't the jury question the question the jury sent out where they said if the victim starts a contact by stopping and then talks to him is that in violation with no contact doesn't that indicate that they're focused on the the conversation not that we'll throw into the water bottle but the conversation had later when they said then he talks to him no your honor i think it indicates that the jury was trying to figure out how to apply the law that they were instructed on to these facts and that they were wondering things that weren't established they they were wondering how to apply um the law correctly right thank you other questions justice barbarous no thank you justice buoy no thank you all right we'll consider your briefs consider the arguments you've made today we'll take the matter under advisement and issue a decision in due course